CITY OF NEWARK *ET AL.*, RESPONDENTS, v. NATURAL RESOURCE COUNCIL IN THE DEPARTMENT OF ENVIRONMENTAL PROTECTION *ET AL.*, APPELLANTS.

Superior Court of New Jersey
Appellate Division

On remand from the Supreme Court of New Jersey by order of
July 27, 1977—Decided August 25, 1977.

Before Judges Carton, Kole and Larner.

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for appellants, Natural Resource Council in the Department of Environmental Protection, *et al.* (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Morton Goldfein,* Deputy Attorney General, on the brief).

*Mr. John R. Weigel,* attorney for respondents City of Newark, *et al.*

*Messrs. Gladstone, Hart, Mandis, Rathe & Shedd,* attorneys for respondent Bergen County Associates (*Mr. Marvin H. Gladstone,* of counsel and on the brief).

*Mr. Alfred A. Porro,* attorney for respondent Borough of East Rutherford.

*Mr. William J. Ward* filed statement in lieu of brief on behalf of New Jersey Sports and Exposition Authority.

Per Curiam. On March 29, 1977 we rendered a *per curiam* opinion in this case. 148 *N. J. Super.* 297. On July 27, 1977 the Supreme Court ordered that a petition for certification be granted and remanded the matter summarily to us for clarification of that portion of our opinion dealing with a trial court's order of October 15, 1975.

We supplement our opinion of March 29, 1977 pursuant to such remand by modifying the last two paragraphs of that opinion (at 299) to read as follows:[1]

---

[1] The added portion is italicized.

We note the provision of the order of October 15, 1975 to the effect that in the event of noncompliance by the state agency with the March 6, 1975 order " 'in connection with the grant overlay to be promulgated by the Natural Resource Council * * * all prior riparian grants and quit claim deeds issued by the State shall be deemed valid and sufficient instruments to cut off and extinguish all right, claim, title and interest of the State of New Jersey in and to the lands conveyed thereby.' " We assume that this provision applies only to prior grants and quitclaim deeds of lands within the hatched area. *Nothing herein is intended to in any way relieve the State, through the Natural Resource Council, of the duty imposed by the trial court of preparing and publishing an overlay for each map depicting which riparian grants the State recognizes as valid. This requirement applies to both the hatched and unhatched areas.*

Affirmed.