*N.J.S.A.* 40:63–7, subject only to the general restriction against patent unreasonableness."

Reversed and remanded for trial.

NEW JERSEY TURNPIKE AUTHORITY, PLAINTIFF, v. FRANK J. DESIDERIO AND HENRIETTA DESIDERIO, HIS WIFE; ANTHONY J. DESIDERIO AND MARYANN DESIDERIO, HIS WIFE; RALPH T. DESIDERIO, SINGLE; RACHEL O. KAMAND AND ANTHONY KAMAND, HER HUSBAND; WHIPPANY PAPER BOARD COMPANY, INC., A NEW JERSEY CORPORATION; THOMAS VIOLA AND SON, INC., A NEW JERSEY CORPORATION; TOWNSHIP OF LYNDHURST, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY; THE MORRIS & ESSEX RAILROAD COMPANY, A NEW JERSEY CORPORATION, STATE OF NEW JERSEY; COUNCIL IN THE DIVISION OF RESOURCE DEVELOPMENT OF THE DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT OF THE STATE OF NEW JERSEY (PRESENTLY THE TIDELANDS RESOURCE COUNCIL, IN THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, IN THE DIVISION OF COASTAL RESOURCES), DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided November 29, 1983.

*Gage Andretta* for plaintiff (*Wolf & Samson*, attorneys).

*William H. Lorentz*, Deputy Attorney General for defendants, State of New Jersey; Council in the Division of Resource Development of the Department of Conservation and Economic Development of the State of New Jersey (*Michael R. Cole*, Acting Attorney General of New Jersey, attorney).

*Alfred A. Porro, Jr.* for all remaining defendants.

## OPINION

SIMPSON, A.J.S.C.

This is a case that refuses to die. It is now half way through its 14th year, the plaintiff New Jersey Turnpike Authority (hereafter "Turnpike Authority") having filed a condemnation complaint on May 11, 1970. The land was part of that needed for the westerly spur of the Turnpike that runs northerly of exit 14 to the terminus at exit 18W. Although the westerly spur has long since been built and millions of cars and trucks have traversed same over lands of defendants, the title and

valuation aspects of this case are still not concluded. This results, as will shortly appear, from difficulties arising from different statutory schemes affecting the acquisition of such lands when parcels contain both riparian lands and uplands. Legislative consideration of the problem would be most appropriate, since counsel have advised the court that many other similar cases are awaiting final resolution of the valuation issues in this case. Unfortunately, judicial resolution cannot achieve the efficiency and economy that could result from amendments to the statutes.

The property is part of the Hackensack Meadowlands and the defendants, State of New Jersey, by the Council in the Division of Resource Development of the Department of Environmental Protection of the State of New Jersey (hereafter, by its current statutory title, "Tidelands Resource Council") raised the title issue by answer, cross-claim, and counterclaim filed June 11, 1970. A pretrial order "as to quiet title phase of case" was entered by Judge Petrella on May 2, 1975; he subsequently tried the case without a jury, and entered judgment on May 16, 1979, quieting title in a portion of the premises in the record property owners (hereafter collectively "Desiderio") and a portion in the State. Judge Petrella entered a "Supplemental Judgment Quieting Title" on August 13, 1979. Desiderio and the State appealed and, in an unpublished opinion dated July 12, 1982, the Appellate Division modified Judge Petrella's decision as to a portion of the lands and remanded the case "solely for the purpose of entering an amended judgment conforming to this opinion." There was disagreement about the wording thereof, but ultimately this court entered a "Second Amended Judgment Quieting Title" on August 23, 1983. On October 6, 1983, the Turnpike Authority filed a notice of appeal therefrom to the Appellate Division. The Turnpike Authority does not dispute the allocation of 10.891 acres (or 73.44% of the whole area) to Desiderio and 3.939 acres (or 26.56%) to the State, but contends it has "equitable title" to the State's lands because the State consented to the construction of the Turnpike thereon.

The State contends that the Turnpike Authority must now make application to the Tidelands Resource Council, pursuant to *N.J.S.A.* 13:1B–13.7, for a conveyance or lease of the State's interest in the parcel. The heart of the controversy appears to be the valuation date and procedures, since *N.J.S.A.* 13:1B–13.9 provides for fair market value at the time of the lease or conveyance while *N.J.S.A.* 20:3–30 provides, generally, for valuation at the earlier date of taking.

During all this time, Desiderio has been waiting for his money. On July 29, 1970, Assignment Judge (later Justice and now retired) Pashman appointed condemnation commissioners, and on March 19, 1973, the commissioners filed their report valuing the whole parcel at $275,000. The Turnpike Authority appealed, but the valuation aspect of the matter apparently lay dormant awaiting resolution of the title aspect. By order of February 11, 1976, Assignment Judge Trautwein stayed the title aspect of the case pending resolution of similar proof issues in *Newark v. Natural Resource Council*, 133 *N.J.Super.* 245 (Law Div.1974), aff'd 148 *N.J.Super.* 297 (App.Div.1977), certif. granted and summarily remanded 75 *N.J.* 32 (1977), clarified and aff'd 152 *N.J.Super.* 458 (App.Div.1977), aff'd 82 *N.J.* 530 (1980), *cert.* den. 449 *U.S.* 983, 101 *S.Ct.* 400, 66 *L.Ed.2d* 245 (1980).

At the August 23, 1983 hearing before this court, when the "Second Amended Judgment Quieting Title" was signed, the question of valuation was raised and it appeared likely the Turnpike Authority and Desiderio would agree upon a figure. The court suggested that the Tidelands Resource Council also consider such figure, and at an October 25, 1983 hearing counsel indicated it "looks promising." Subsequently, the picture changed and the State and Tidelands Resource Council refused to participate in any valuation trial or consider the agreement ultimately reached between the Turnpike Authority and Desiderio. Technically, the case was before this Court on October 25, 1983 and again on November 10, 1983 on the Turnpike Authority's motion to fix a trial date as to the

valuation issue. Since the Turnpike Authority had filed a notice of appeal on October.6, 1983 from the "Second Amended Judgment Quieting Title", the State cites *R.* 2:9–1(a) as ousting this court from jurisdiction to proceed as to valuation. This would probably be so if a valuation trial were to proceed, with or without the participation of the State, in view of its riparian lands portion of the whole parcel. But a trial was not necessary as to Desiderio, since he agreed as to valuation with the Turnpike Authority and a consent judgment was therefor entered by this court on November 10, 1983. The agreed value was $198,000 for the whole parcel, of which. 73.44% or $145,-411.20 was due Desiderio—plus interest at 8% from May 11, 1970 to September 14, 1981, interest at 12% from September 14, 1981 to November 1, 1983, and $30.52 per day from November 1, 1983 to actual payment. Exit Desiderio after 13 years and 6 months.

■■ The consent judgment of November 10, 1983 is not binding on the State or Tidelands Resource Council. The Turnpike Authority's power of eminent domain emanates from *N.J.S.A.* 27:23–5(j). In *New Jersey Turnpike Authority v. Parsons,* 3 *N.J.* 235, 248–249 (1949) our Supreme Court held there was no "power of eminent domain as to State property in the Turnpike Authority." There is ample power for such conveyances by agreement pursuant to *N.J.S.A.* 27:23–14, but in the absence of agreement as to riparian lands, an application must be made pursuant to *N.J.S.A.* 13:1B–13.7. Since the westerly spur of the Turnpike has traversed the State's riparian lands for many years without any objection by the Tidelands Resource Council, it is inconceivable that an application for conveyance of title will be arbitrarily rejected. And until and unless the consideration fixed pursuant to *N.J.S.A.* 13:1B–13.9 exceeds $52,588.80 (Turnpike Authority's agreed valuation of $198,000 for the whole parcel less the $145,411.20 value of the Desiderio portion) plus interest as aforesaid in connection with the Desiderio settlement, any further application to this court or the Appellate Division is premature.

Notwithstanding the foregoing resolution of the present controversy, it would be in the best interests of the State, the Turnpike Authority (and other agencies and instrumentalities of the State), and all persons having an interest in partially riparian parcels, if a single valuation date and procedure were applicable. Legislation is needed to extend the "unit rule," consistently followed in New Jersey [1] whereby there is a single, lump sum award of compensation for all of the values of all the separate interests [2] in a single parcel of land, to parcels that include riparian lands and uplands.

The motion by the Turnpike Authority to fix a date for a valuation trial as to the State's riparian lands is denied. An appropriate form of order should be submitted by the State pursuant to *R.* 4:42–1.

---

[1] *N.J. Sports and Exposition Auth. v. E. Rutherford,* 137 *N.J.Super.* 271, 279–280 (Law Div.1975) and cases and authorities cited therein.

[2] Such as those of lessors, lessees, tenants, holders of reversions, options, easements, mineral rights, etc. *See generally* Annotation, "Necessity of trial or proceedings, separate from main condemnation trial or proceeding, to determine divided interest in state condemnation award," 94 *A.L.R.* 3rd 696, 698 (1979).